# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MAXX LYMAN, *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>TITAN GAS, LLC d/b/a CLEANSKY ENERGY,<br><br>Defendant | Case No.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS-ACTION COMPLAINT

Plaintiff, Maxx Lyman ("Plaintiff", "Mr. Lyman" or "Lyman"), on behalf of himself and all others similarly situated, by and through his undersigned attorneys, submits his Class-Action Complaint against Defendant TITAN Gas, LLC d/b/a CleanSky Energy ("Defendant" or "TITAN"). In support thereof, Plaintiff states as follows:

## NATURE OF THE CASE

1. Plaintiff Maxx Lyman brings this action individually and on behalf of all others similarly situated, seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

2. Defendant violated Plaintiff' and the putative class-members' rights by placing solicitation calls to Plaintiff and the putative class members' residential lines in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* and the TCPA's corresponding regulations.

## BACKGROUND ON THE TCPA

3. In 1991, after passage with bipartisan support in Congress, President George H.W. Bush signed the TCPA into law, to protect consumers' privacy rights- specifically, the right to be left alone from unwanted telemarketing calls.

4. A leading sponsor of the TCPA described telemarketing "robocalls" the "scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

5. Decades after the TCPA passed into law, it is still unfortunately the case that "[m]onth after month, unwanted telemarketing calls and texts top the list of consumer complaints received by the [Federal Communications] Commission." Omnibus TCPA Order, 30 FCC Rcd. 7961, 7964 (F.C.C. July 10, 2015).

6. In fact, in 2021 alone, there were over *five million complaints* from Americans to the FTC about unwanted telemarketing calls. Federal Trade Comm'n, *FTC Issues Biennial Report to Congress on the National Do Not Call Registry (*Jan. 5, 2022) *available* at: https://www.ftc.gov/news-events/news/press-releases2022/01/ftc-issues-biennial-report-congress-national-do-not-call-registry.

7. The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

9. This Court has personal jurisdiction over Defendant TITAN, which is headquartered and systematically conducts business in the State of Texas.

10. Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2).

## PARTIES

11. Plaintiff, Maxx Lyman is a natural person who resided in Baxter Springs, State of Kansas at all times relevant hereto.

12. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

13. Defendant TITAN is a corporation located at 3 Greenway Plaza, Suite 1320, Houston, Texas, 77046.

14. TITAN is a "person" as that term is defined by 47 U.S.C. §153(39).

15. TITAN acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

16. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, and representatives.

## **FACTUAL ALLEGATIONS**

### *Facts Specific to Lyman*

17. At all times relevant hereto, Plaintiff, owned a cell phone number (617)-xxx-3877 ("Cell Phone").

18. Plaintiff used that Cell Phone for primarily residential purposes, such as speaking with family.

19. Lyman's number was registered to him as an individual, and not to a business.

20. Lyman's registered his number on the Federal Do-Not-Call Registry in or around January 3, 2005, in order to obtain solitude from unwanted telemarketing calls.

21. At all times relevant, Lyman was the sole user and/or subscriber of the Cell Phone and was financially responsible for phone service to the Cell Phone.

22. In TITAN's overzealous attempt to market its energy options, TITAN willfully or knowingly made (and continues to make) unsolicited telemarketing phone calls to people registered on the National Do Not Call Registry.

23. Through this conduct, TITAN has invaded the privacy of Mr. Lyman and members of the Class.

24. At no time prior to TITAN first initiating its call to Mr. Lyman did Mr. Lyman provide his Cell Phone number to TITAN, or through any medium.

25. At no time did Mr. Lyman ever enter in a business relationship with TITAN before the call campaign.

26. At no point did Mr. Lyman provide TITAN with his express written consent to be called for telemarketing purposes.

27. Nonetheless, on or around August 30, 2023, Defendant started placing telemarketing phone calls to Plaintiff's Cell Phone soliciting its energy options.

28. When contacting Plaintiff on August 30, 2023, Defendant's representative asked to speak with "Phil" and Plaintiff immediately told Defendant that it had the wrong number and to not call his Cell Phone number.

29. However, Defendant continued to place calls to Plaintiff despite knowing it had the wrong telephone number.

30. Plaintiff reiterated Defendant had the wrong number and that the calls were unwanted on September 1, 2023. However, Defendant continued to call Plaintiff.

31. As a result of the unlawful robocall, Mr. Lyman experienced frustration, annoyance, irritation and a sense that his privacy had been invaded.

## **CLASS ALLEGATIONS**

32. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiff brings this lawsuit as a class action on behalf of herself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

33. Plaintiff seeks to represent the following class:

> All persons within the United States who from four years prior to the date of the filing of this lawsuit to the date of class certification: (1) received more than one telephone call or text message from TITAN or someone acting on its behalf (2) during a 12-month period; (3) where the calls were made in connection with a campaign to solicit products or services; and (4) whose number was registered on the Do Not Call Registry for more than 31 days at the time the calls were received.

34. Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

35. The putative class members' identities are readily ascertainable from Defendant's records or records within Defendant's control.

36. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

37. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

38. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules Civil Procedure because there is a well-defined community interest in the litigation.

39. Class Members are so numerous and that their individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

40. Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

   a. Whether Defendant's conduct violates 47 U.S.C. § 227(c) and the corresponding rules and regulations implementing the TCPA; and

   b. Whether Plaintiff and the putative class members are entitled to increased damages for each violation based on the willfulness of Defendant's conduct.

41. Plaintiff's claims are typical of the claims of the proposed class members because his claims arise from the same practice that gives rise to the claims of the members of the proposed

class and is based on the same legal theories.

42. Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this class action lawsuit.

43. The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

44. TITAN is headquartered in this District. This District is therefore an appropriate forum in which to adjudicate this dispute. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Rule 23. Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

## COUNT I
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)(5)
### *Do-Not-Call Claim*

45. Mr. Lyman re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

46. Lyman brings this Count individually and on behalf of all others similarly situated.

47. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

48. Defendant called Plaintiff for solicitation purposes despite the fact his number had been on the Do Not Call Registry since January of 2005.

49. Defendant called Plaintiff and the putative class members on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

50. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff and the putative class members.

51. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, and absent bona fide error or good faith mistake.

52. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

**Prayer for Judgment**

WHEREFORE, Plaintiff LYMAN, individually, and or on behalf of all other similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant TITAN pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Mr. Lyman as the class representative;

b. Enter an order appointing Kazerouni Law Group, APC as class counsel;

c. Enter judgment in favor of Mr. Lyman and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation of 47 U.S.C. § 227(c) and up to $1,500 per violation of each subsection if Defendant willfully violated the TCPA;

d. Enter injunctive relief against both Defendant as permitted under the TCPA;

e. Award Mr. Lyman and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and administration; and

f. Award Mr. Lyman and the class such further and other relief the Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LYMAN, demands a jury trial in this case.

Dated: January 3, 2024            Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: */s/ Amy Ginsburg*
Amy Ginsburg, Esq. (TX Bar ID: 224107506)
amy@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (214) 880-6362
Fax: (800) 635-6425

1012 N. Bethlehem Pike Suite 103, Box #9
Ambler, PA 19002

Attorneys for Plaintiff